FILED
CLERK, U.S. DISTRICT COURT
JUL 17 2026
CENTRAL DISTRICT OF CALIFORNIA
BY AF DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
JAMES CARRILLO,
Defendant.

- Case No. CR 24-0007-WLH

ORDER OF DETENTION

[Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1)]

I.

On July 17, 2026, Defendant James Carillo made his initial appearance on the petition for revocation of supervised release dated January 14, 2026 and the warrant for arrest issued on the same date. Deputy Federal Public Defender Hannah Bogen was appointed to represent Defendant. The government was ably represented by student extern, Michele Perbelli, supervised by Assistant U.S. Attorney Jing Yan. A detention hearing was held.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ the petition alleges that Defendant violated the conditions of supervised release by (1) failing to submit to a drug test; (2) possessing drug paraphernalia; (3) operating a motor vehicle with expired registration on more than one occasion; (4) tampering with the submission of a urine sample in connection with drug testing; (5) use of heroin and methamphetamine; and (6) failing to participate in a residential drug treatment program as directed by his Probation Officer.

☒ poor history of compliance while on supervised release, including failure to self surrender when notified by his Probation Officer, in March 2026, that there was an outstanding warrant for his arrest.

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition (see above);

☒ criminal conduct while on supervised release, including citations for possessing drug paraphernalia and operation of an unregistered motor vehicle, and use of controlled substances

☒ criminal history

III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: July 17, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE